IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>DOUGLAS SCHMIDT,<br><br>　　　　　　Defendant. | 8:21-CR-211<br><br>ORDER REGARDING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDAITON ON PLEA OF GUILTY |

　　　　This matter is before the Court on the magistrate judge's Findings and Recommendation on Plea of Guilty, Filing 90, recommending that the Court accept the defendant's plea of guilty to Count I of the Indictment. There are no objections to the findings and recommendation. Nonetheless, the Court declines to adopt the findings and recommendation at this time.

　　　　Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 11.2(d), the Court has conducted a de novo review of the record. Count I of the Indictment charges the defendant with violating 21 U.S.C. § 846, which states that any person who conspires to commit an offense "shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846. Here, the Indictment alleges that the defendant conspired to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Filing 1 at 1. The Indictment further alleges that, before the commission of the instant offense, the defendant had a final conviction for a serious drug felony. Filing 1 at 1. Under 21 U.S.C. § 841(b)(1)(B), if an individual commits the offense of possession with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine after a conviction for a serious drug felony has become final, the penalties are as follows: a mandatory minimum of 10 years in prison with a maximum

1

of life; a mandatory minimum eight year term of supervised release; and a maximum $8,000,000 fine. *See* 21 U.S.C. § 841(b)(1)(B).

Here, both the plea agreement and the petition to enter a plea of guilty state that the defendant is subject to the following penalties: a mandatory minimum of 5 years of incarceration with a maximum of 40 years; a mandatory minimum of 4 years of supervised release; and a maximum $5,000,000 fine. Filing 93 at 4; Filing 94 at 2. These are the penalties outlined for an individual who commits the offense of possession with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine, but who did not commit the offense after a prior conviction for a serious drug felony has become final. *See* 21 U.S.C. § 841(b)(1)(B). During the change-of-plea hearing, the magistrate judge informed the defendant of the potential penalties for his offense as stated in the plea agreement and the petition. The defendant was also not informed that, to be subject to these higher penalties, the Government would have to prove that he had a prior serious drug felony conviction become final before committing the instant offense. Because the defendant was not informed of the potential penalties he faces, it is the Court's intention to further inquire into this matter at the sentencing hearing currently set for March 22, 2023. At that time, the Court will decide whether the defendant's plea of guilty should be accepted and whether the matter should proceed directly to sentencing. Counsel should be prepared to address this issue via interlineation immediately prior to the sentencing hearing. Accordingly,

IT IS ORDERED:

1. The magistrate judge's Findings and Recommendation on Plea of Guilty, Filing 90, is held in abeyance;

2. This matter will be addressed at the sentencing hearing currently set for March 23, 2023; and

3. This case shall provisionally proceed to sentencing

Dated this 1st day of February, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

3